**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Custom Homes By Via LLC, | ) | No. CV-12-01017-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Bank of Oklahoma; Bank of Arizona, | ) | |
| Defendants. | ) | |

The court has before it plaintiff's Request for an Order Fixing the Amount of Attorney's Fees for Waiver of Jury Trial (doc. 156), the Bank's response (doc. 157), and plaintiff's reply (doc. 158).

We granted the Bank's motion to strike the jury on the eve of trial based on defendant's agreement to pay plaintiff's "reasonable fees and expenses incurred in preparing for a jury trial." Order (doc. 106) at 1. Plaintiff argued that it would otherwise be prejudiced because it had spent a significant amount of time "preparing for a jury" including "pretrial motions, Voir Dire, jury instructions, Opening Statements etc". (Doc. 103 at 2). The Bank agreed to cover plaintiff's pretrial fees and a bench trial was held.

Plaintiff has now filed an itemized fee statement showing that it incurred a total of $23,497.50 on pretrial matters in preparation for a jury trial. In particular, plaintiff incurred $9,705.00 responding to defendant's motions in limine, $4,912.50 in preparing its own

1  motions in limine, and $2,220.00 in preparing its opening statement. The Bank now argues
2  that plaintiff should not be reimbursed for these fees because plaintiff would have prepared
3  motions in limine and an opening statement regardless of whether we held a bench or jury
4  trial.

5  Because motions in limine are designed to avoid prejudice that may flow from ruling
6  on an evidentiary objection in front of a jury, motions in limine apply only to jury trials.
7  There is no reason to file them in a case to the court without a jury. Plaintiff is entitled to
8  reimbursement for all fees associated with motions in limine.

9  Opening statements, on the other hand, are presented to a judge as well as a jury.
10 Plaintiff's counsel argues that he originally designed his opening statement for a jury. But
11 some form of it was also presented to the court. Nevertheless, at the time of the agreement,
12 the Bank did not object to plaintiff's request for fees associated with opening statements.
13 Therefore, we will award plaintiff half of the expense incurred in preparation of opening
14 statements, or $1,110.00.

15 **IT IS ORDERED GRANTING** plaintiff's motion for Order Fixing Attorney's Fees
16 (doc. 156) and **AWARDING** plaintiff pretrial fees in the amount of $22,387.50.

17 DATED this 6th day of June, 2014.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge