**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Custom Homes By Via LLC, et al. | No. CV-12-01017-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Bank of Oklahoma; Bank of Arizona, | |
| Defendants. | |

The court has before it plaintiff's motion for attorneys fees and prejudgment interest (doc. 134), the Bank's response (doc. 143), and plaintiff's reply (doc. 153). We also have before us plaintiff's motion to exceed page limits (doc. 154), which is granted.

This is an action arising out of a breach of a loan agreement between Defendant Bank of Oklahoma and plaintiff. We held on summary judgment that the Bank had breached its contract a first time by failing to fund a May 27, 2008 draw request. After trial to the court, we concluded that the Bank breached the loan agreement a second time by failing to extend the term of the loan as promised. We awarded plaintiff damages in the amount of $2,404,193.58. Plaintiff now moves for an award of attorney's fees pursuant to A.R.S. § 12-341.01, and for prejudgment interest.

**Attorney's Fees**

A court may award attorney's fees under § 12-341.01(A) to the successful party in an action arising out of a contract. In deciding whether to award fees, we consider factors such

1  as (1) whether the unsuccessful party's claim or defense was meritorious; (2) whether the
2  litigation could have been avoided or settled; (3) whether assessing fees would cause extreme
3  hardship; (4) whether the successful party prevailed with respect to all relief sought; (5)
4  whether a novel legal question was raised; and (6) whether the award would discourage other
5  parties from litigating tenable claims. Associated Indem. Corp. v. Warner, 143 Ariz. 567,
6  570, 694 P.2d 1181, 1184 (1985). A court has wide discretion in awarding fees. A.R.S. §
7  12-341.01. An award is made to "mitigate the burden of the expense of litigation" and "need
8  not equal or relate to" the fees incurred. A.R.S. § 12-341.01(B).

9  When litigation involves multiple claims we consider the "totality of the litigation"
10 and the relative success of the parties. Schwartz v. Farmers Ins. Co., 166 Ariz. 33, 38, 800
11 P.2d 20, 25 (Ct. App. 1990). It is clear that plaintiff is the prevailing party in this action. It
12 was successful on its breach of contract and breach of the covenant of good faith and fair
13 dealing claims–the primary causes of action in this litigation–and was awarded $2.4 million.
14 Although the Bank challenges plaintiff's prevailing party status because it was unsuccessful
15 on its alternate tort theories of recovery and request for punitive damages, the claims in this
16 case are not practicably severable. Each arose from the Bank's promises and course of
17 dealing with plaintiff. See Schweiger v. China Doll Rest., Inc., 138 Ariz. 183, 189, 673 P.2d
18 927, 933 (Ct. App. 1983) ("Thus, where a party has accomplished the result sought in the
19 litigation, fees should be awarded for time spent even on unsuccessful legal theories.").
20 Plaintiff was successful at both the motion and trial stages and was ultimately awarded $2.4
21 million. Plaintiff is the prevailing party. The Bank's argument that it is the prevailing party,
22 Response at 6, is without merit and is but one example of the excessively adversarial nature
23 of this case.

24 Applying the Warner factors, the Bank had no meritorious defenses to the breach of
25 contract claims. Many of the Bank's other defenses lacked merit as well. It appears that,
26 despite some effort by the parties, the litigation could not have been avoided. The Bank does
27 not argue that an award of fees would cause any hardship. Plaintiff prevailed with respect
28 to the majority of the relief sought. Although the legal questions presented were not novel,

- 2 -

1 this was a complex contract dispute between a bank and a commercial borrower. An award
2 in this case would not discourage other parties with tenable claims or defenses from
3 litigating–in fact it would encourage borrowers to pursue meritorious claims. Each of the
4 Warner factors falls in favor of an award of fees.

5       Plaintiff's counsel asserts that he worked 1,001.7 hours at an hourly rate of $300.00,
6 for a total lodestar fee of $300,510.00. In addition, plaintiff's counsel retained the services
7 of Peter Greenfeld to assist in trial preparation and to serve as second chair during the trial.
8 Plaintiff seeks fees for 160.6 hours incurred by Mr. Greenfeld at a rate of $225.00 per hour.
9 Plaintiff requests a total fee award of $342,649.00, which includes 63.2 hours expended by
10 a paralegal at $95.00 an hour.

11       The Bank raises several challenges to the amount of requested fees, and plaintiff
12 concedes that certain amounts were erroneously included in the fee request. First, plaintiff
13 acknowledges that it should not be compensated for fees related to clerical tasks, particularly
14 phone calls regarding deposition schedules. The fee request is accordingly reduced by
15 $1,110.00. (See entries at 2/11, 2/13, 2/14, 2/18, and 3/10). Plaintiff also concedes that it
16 incorrectly included fees charged for travel on 4/5/13. The fee request is reduced by
17 $1,800.00.

18       We reject the Bank's argument that the fees incurred by Mr. Greenfeld's attendance
19 at trial were duplicative and excessive because he did not speak or enter an appearance. It
20 is not unreasonable to have a second counsel at trial.

21       Nevertheless, we agree with the Bank that other charges are excessive. For example,
22 plaintiff's counsel billed a total of 28.2 hours on 11/18/13. But there are only 24 hours in a
23 day. Obviously this is excessive. He also billed 18.3 hours on 11/19/13 and 12/03/14.
24 Billing 18 hours in a 24-hour period is not reasonable. Additionally, full-day block billing
25 of 8 to 12.5 hours with a description of "prepare for trial" lacks sufficient detail and is
26 excessive. Finally, 34 hours to prepare findings of fact and conclusions of law; 6.6 hours to
27 prepare an unsuccessful motion to modify the scheduling order; and 62.5, 68.4 and 71.6
28 hours to prepare its motion for summary judgment, response to the Bank's motion for

- 3 -

1 summary judgment, and reply, respectively, are excessive. The requested fees are
2 accordingly reduced by $35,000.00 for excessiveness, duplication, and lack of detail.

3 We reject plaintiff's request that we multiply its fees by a factor of 2.8. Plaintiff
4 contends that it is entitled to an upward adjustment to the lodestar amount because of the risk
5 counsel assumed in taking the case on a contingency basis, and the result and quality of
6 services performed. There is no doubt that plaintiff obtained an excellent result and that
7 counsel performed his services admirably. However, "enhancement for the risk of
8 nonpayment should be reserved for exceptional cases." Timmons v. City of Tucson, 171
9 Ariz. 350, 357, 830 P.2d 871, 878 (Ct. App. 1991) (citing Pennsylvania v. Delaware Valley
10 Citizens' Council for Clear Air, 483 U.S. 711, 728, 107 S. Ct. 3078, 3088 (1987)). The risk
11 of nonpayment in a contingency fee arrangement is not an exceptional circumstance. Geller
12 v. Lesk, 230 Ariz. 624, 629, 285 P.3d 972, 977 (Ct. App. 2012); London v. Green Acres
13 Trust, 159 Ariz. 136, 148, 765 P.2d 538, 550 (Ct. App. 1988) (citing Blum v. Stenson, 465
14 U.S. 886, 899, 104 S. Ct. 1541, 1549 (1984)). The fee statute itself provides that, while the
15 award need not equal or relate to the attorney fees actually paid or contracted, "the award
16 may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B). The fee
17 agreement between plaintiff and its lawyer provides that "[i]n the event of an award of
18 attorney's fees on Client's behalf, [counsel] shall claim fees at the his customary rate of
19 $300.00 per hour." (doc. 134-1 at 3). By requesting a 2.8 multiplier, plaintiff seeks an award
20 that would nearly triple its lawyer's agreed hourly rate.

21 **Prejudgment Interest**

22 We grant plaintiff's claim for prejudgment interest. We are not persuaded by the
23 Bank's argument that the claim for prejudgment interest was waived. Plaintiff included a
24 request for prejudgment interest in its Proposed Findings of Facts and Conclusions of Law
25 (doc. 127 at 6). We construe the portion of the current motion seeking prejudgment interest
26 as a timely Rule 59(e), Fed. R. Civ. P., motion to alter or amend the judgment. See
27 Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 & n.3, 109 S. Ct. 987, 992 & n.3 (1989)
28 (holding that a postjudgment motion for discretionary prejudgment interest falls under Rule

1  59(e) and suggesting in dicta the same is true for mandatory prejudgment interest) ; McCalla
2  v. Royal MacCabees Life Ins., 369 F.3d 1128, 1130-32 (9th Cir. 2004) (applying Osterneck
3  and Rule 59(e) to a postjudgment motion for mandatory prejudgment interest).

4      Under Arizona law, prejudgment interest is awarded as a matter of right on liquidated
5  claims. John C. Lincoln Hosp. & Health Corp. v. Maricopa County, 208 Ariz. 532, 542, 96
6  P.3d 530, 540 (Ct. App. 2004). A claim is "liquidated" when "the evidence of damages
7  furnished data which, if believed, makes it possible to compute the amount of damages with
8  exactness, without reliance upon opinion or discretion." Banner Realty, Inc. v. Turek, 113
9  Ariz. 62, 64-65, 546 P.2d 798, 800-01 (1976).

10      Here, the amount of damages was based upon the sale price of the collateral at
11  foreclosure, plus the stipulated interest payments and loan fees. Each of these amounts was
12  possible to compute with exactness, without reliance upon opinion or discretion.
13  Accordingly, pursuant to A.R.S. § 44-1201(B) and (F), plaintiff is entitled to prejudgment
14  interest at the rate of 4.25% from the date of foreclosure on the collateral–December 31,
15  2009–until the date judgment was entered. See Motion, ex. D.

**Conclusion**

**IT IS ORDERED GRANTING** plaintiff's motion for attorney's fees (doc. 134) and awarding fees to plaintiff in the amount of $304,739.00

**IT IS ORDERED GRANTING** plaintiff's motion for pre-judgment interest (doc. 134).

**IT IS ORDERED GRANTING** plaintiff's motion to exceed page limit (doc 154).

DATED this 18th day of June, 2014.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge